# Rittenhouse Rubber Co. *v.* McFadden, Appellant.

*Contracts—Trials—Charge of court—Sufficiency.*

In an action of assumpsit on a book account the defense advanced was that the defendant had executed a written guarantee of the credit of the plaintiff to a third party, and that as a consideration therefor the defendant's indebtedness to the plaintiff was cancelled.

Under such circumstances it was reversible error for the trial judge to charge that if the defendant did not intend to pay the guarantee when called upon, that no consideration passed and the debt had not been cancelled. The good faith of the defendant was not involved in the issue and the instructions suggesting his bad faith were highly prejudicial to his case.

Argued October 12, 1923. Appeal, No. 215, Oct. T., 1923, by defendant, from judgment of the Municipal Court of Phila. Co., Nov. T., 1922, No. 908, on verdict for plaintiff in the case of Rittenhouse Rubber Company v. Charles McFadden, 3d. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on book account. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $245.41, and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, as quoted in the opinion of the Superior Court, and refusal of defendant's motion for judgment non obstante veredicto.

*Joseph A. Lamorelle,* of *Saul, Ewing, Remick & Saul,* for appellant.—The charge of the trial judge was misleading: Bisbing v. Third National Bank, 93 Pa. 79; Renn v. Tallman, 25 Pa. Superior Ct. 503; Connelly v. Walker, 45 Pa. 449; Batdorff v. Farmers' National Bank of Reading, 61 Pa. 179.

*James Yearsley,* and with him *B. A. Illoway* and *Harry Felix,* for appellee.

OPINION BY GAWTHROP, J., November 19, 1923:

Plaintiff sued in assumpsit on a book account. The defense was that defendant, at the special instance and request of Albert H. Green, the then president of plaintiff, executed and delivered to the Martin Tire Corporation a written guarantee, guaranteeing the credit of plaintiff to the Martin Tire Corporation to the extent of $7,500 for a period of one year, and that, in consideration of the execution and delivery of the guarantee by defendant, it was orally agreed at the time by Green, acting for plaintiff, that defendant's indebtedness to plaintiff, which at that time amounted to $223.03, was at that time forgiven and cancelled. The sole question for the jury was whether plaintiff agreed to the cancellation of defendant's debt. In charging the jury, the trial judge submitted the question of defendant's good faith in signing the guarantee. He said, "If in good faith he had agreed to do it and guarantee the account, it would be a substantial consideration and would sustain an annulment of the balance of the debt, but if he was simply lending his signature, to put it plainly, to help to stick the innocent party who was seeking a guarantor and never intended to make good the guarantee, he did not give a consideration and there was no cancellation of the debt in this case." Later he repeated: "If it was not an honest businesslike agreement meant to be carried out, but only a colorable guarantee that the defendant never meant to pay if called upon to pay, then

it was not a substantial agreement and you should find for the plaintiff in the sum of $245.21." The fact that defendant did not mean to pay the guarantee if called upon was not involved. As a matter of fact it is stipulated in the record that defendant has been sued on the guarantee. There was nothing in the evidence to suggest bad faith. Therefore, it was clear error and highly prejudicial to defendant to submit that question to the jury and to suggest to them that defendant might have been simply lending his signature "to help to stick the innocent party" who was seeking a guarantor. The defendant's point for binding instructions was properly refused because the oral testimony of the witnesses was for the jury.

The third assignment of error is sustained, and the judgment is reversed and a venire facias de novo awarded.